UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NATHAN SPIRA,

                Plaintiff,             MEMORANDUM
                                              AND ORDER

    -against-

                                              05 CV 4367 (RML)

I.C. SYSTEM, INC.,

                Defendant.
---------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff Nathan Spira ("plaintiff" or "Spira") commenced this purported class action in September 2005, asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (1998) (the "FDCPA" or the "Act"). Before the court are the plaintiff's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), and the defendant's motion for summary judgment, pursuant to Fed. R. Civ. P. 56(c). This matter is before me on consent of the parties, pursuant to 28 U.S.C. § 636. The court heard oral argument on August 4, 2006. For the reasons stated below, plaintiff's motion is granted in part and defendant's motion is denied in part.

## BACKGROUND AND FACTS[1]

        This case concerns two debt collection letters and whether they violated the

---

[1] The pertinent facts are not in dispute. (Defendant's Memorandum in Opposition to Plaintiff's Motion for Judgment on the Pleadings and in Support of Defendant's Motion for Summary Judgment ("Def.'s Mem"), at 1.) Plaintiff has not filed a Rule 56.1 Statement of Material Facts, but the facts contained in his Complaint and summarized in plaintiff's submissions match the facts set forth in defendant's Rule 56.1 Statement. (See Compl. ¶¶ 9-16.)

FDCPA.  Plaintiff Spira owed a $70.22 debt to Verizon New York which was referred for collection to the defendant, I.C. System, Inc., a "debt collector" as defined by 15 U.S.C. § 1692a(6).  (Complaint, dated Sept. 12, 2005 ("Compl."), ¶¶ 3, 6, 21-22.)  Defendant made an initial attempt to collect from plaintiff in a letter dated July 6, 2005.  (Compl., Ex. B.)  The initial letter stated in relevant part:

> You are hereby notified that I.C. System will forward the account information to the national credit reporting agencies if you fail to fulfill the terms of your credit obligation.  Of course, you will have the right then, as you do now, to inspect your credit file in accordance with federal law.  I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

(Id.)  Plaintiff stipulates that the "notice" portion of the July 6 letter "complied with the requirements of [15 U.S.C.] § 1692g," by informing plaintiff that he had thirty days to dispute the alleged debt in writing.[2]  (Compl., Ex. B.  See also Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings and in Opposition to Defendant's Motion for Judgment on the Pleadings, dated Feb. 24, 2006 ("Pl.'s Mem."), at 5 (acknowledging that the July 6 letter complied with the notification law).)

Defendant sent plaintiff a second letter, dated July 22, 2005.  Defendant

---

[2] The statute requires debt collectors to include language stating that "[u]nless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."  15 U.S.C. § 1692g(a)(3)(1998).  Should the consumer dispute the debt in writing within the thirty-day period, "the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."  15 U.S.C. § 1692g(a)(4) (1998).

stipulates that this additional letter was mailed and received prior to the expiration of the thirty-day period in which the plaintiff could dispute the alleged debt.  (Defendant's Memorandum in Opposition to Plaintiff's Motion for Judgment on the Pleadings and in Support of Defendant's Motion for Summary Judgment ("Def.'s Mem"), at 1.)  Defendant's letter restated the amount of the alleged debt plaintiff owed to Verizon New York ($70.22), inquired as to whether plaintiff was refusing to pay the debt, and provided a telephone number to contact if plaintiff intended to make payment arrangements.  (Compl., Ex. A.)  The letter concluded with this paragraph:

> Since you have failed to abide by the terms of your credit obligation, one of the next steps our office will take is to submit to national credit reporting agencies that this balance has been placed with I.C. System, Inc., for collection.  You have the right to inspect your credit file in accordance with federal law.

(Id.)  Plaintiff alleges that the statements in the second letter violated the requirements of 15 U.S.C. § 1692g because they overshadow and contradict the contents of the initial letter, potentially giving an unsophisticated debtor the impression that the requisite thirty-day dispute period had been cut short.  (See Pl.'s Mem. at 5.)  In addition, plaintiff claims that defendant's statements in the second letter were "false, deceptive, and misleading," in violation of 15 U.S.C. §§ 1692e(5) and (10).[3]  (Pl.'s Mem. at 6.)  Specifically, plaintiff contends that the letter's threat to report the debt to the national credit bureaus was illegal, in violation of §

---

[3] Section 1692e(5) prohibits a debt collector from making a threat that cannot legally, or is not intended to, be taken.  Section 1692e(10) prohibits the use of any false or deceptive means to collect payment.  See 15 U.S.C. §§ 1692e(5) and (10) (1998).

1692e(5), and that the language in the letter would lead the least sophisticated consumer to believe that his validation period had been shortened, in violation of § 1692e(10). (See Pl.'s Mem. at 5.) The purported class is defined as those consumers who received the same two form letters from defendant. (Compl. ¶ 22.)

**DISCUSSION**

1. Summary Judgment Standard

Summary judgment "shall be rendered forthwith if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and decide only whether there is any genuine issue to be tried. Eastman Mach. Co. v. United States, 841 F.2d 469, 473 (2d Cir. 1988). A genuine factual issue exists if, taking into account the burdens of production and proof that would be required at trial, there is sufficient evidence favoring the non-movant such that a reasonable jury could return a verdict in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden of establishing that no genuine factual dispute exists rests on the party seeking summary judgment. Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2d Cir. 1994). This burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Here, the parties cross-move for judgment as a matter of law. The Second Circuit has noted that

> [w]hen faced with cross-motions for summary judgment, a district court is not required to grant judgment as a matter of law for one side or the other. "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration."

Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993) (quoting Schwabenbauer v. Bd. of Educ. of Olean, 667 F.2d 305, 313-14 (2d Cir. 1981)). In the case at bar there does not exist any disputed issue of material fact. The two collection letters, drafted by defendant and received by plaintiff, speak for themselves, and neither party is contesting the other's version of the underlying events.[4]

2. FDCPA Analysis

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001). By enacting the FDCPA, Congress sought to eliminate unscrupulous debt collection practices by barring the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. When a collection agency begins to request payment of a debt, FDCPA § 1692g(a) requires a written validation notice, informing the debtor that he or she has thirty days to dispute the debt, in the first communication or five days thereafter.[5] 15 U.S.C. §

---

[4] See supra, note 1.

[5] If, upon receiving this notice, the consumer/debtor writes the debt collector stating that he or she is disputing the debt, "the debt collector shall cease collection" and must verify the debt before proceeding against the debtor. 15 U.S.C. § 1692g(b).

1692g(a).

A debt collector violates 15 U.S.C. § 1692g when it sends additional communications, along with or after the written validation notice, containing language that "overshadows or contradicts" the rights set forth in the notice. See DeSantis, 269 F.3d at 161 ("Even if a debt collector conveys the required information, the collector nonetheless violates the [FDCPA] if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996) ("When a notice contains language that 'overshadows or contradicts' other language informing a consumer of her rights, it violates the Act.") (citation omitted); Spira v. Ashwood Fin., Inc., 358 F. Supp. 2d 150, 156-57 (E.D.N.Y. 2005) ("That a collection letter contains a validation notice does not preclude a finding that it was overshadowed or contradicted by other language."). Further, "[i]t is unnecessary to prove the contradiction is threatening" to show a violation of the Act. Russell, 74 F.3d at 35. The language within a collection letter is "over shadowing or contradictory 'if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.'" Jacobson v. Healthcare Fin. Servs., Inc., 434 F. Supp. 2d 133, 139 (E.D.N.Y. 2006) (quoting Miller, 321 F.3d at 309).

Once the debt collector has mailed an initial letter with the required validation notice, it is unnecessary for the notification language to be included in any subsequent letters, regardless of when those letters are sent. "There is nothing in the statute which requires follow-up letters to contain the validation notice, including letters that are mailed within the

validation period." Spira v. Ashwood, 358 F. Supp. 2d at 158. However, the FDCPA broadly prohibits "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Subsection 1692e provides a non-exhaustive list of sixteen debt collection methods deemed to be deceptive. 15 U.S.C. § 1692e(1)-(16). Courts have clarified what practices are prohibited. For instance "a collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Russell, 74 F.3d at 35; see also Tsenes v. Trans-Continental Credit & Collection Corp., 892 F. Supp. 461, 465 (E.D.N.Y. 1995) (holding that a debt collector would violate the FDCPA if the consumer can show that "the juxtaposition of . . . inconsistent statements in the initial letters and the follow-up letter constituted a false representation or deceptive means to collect [or attempt to collect] any debt."). Thus, a debt collector violates *both* § 1692e(10) and § 1692g if a letter leads the debtor to believe he or she has less than the statutorily required thirty days to dispute the debt. See Russell, 74 F.3d at 36; see also Tsenes, 892 F. Supp at 465 (follow- up letter violated § 1692g and § 1692e(10) because debtor was induced to overlook his right to dispute the debt within the thirty day period).

When the follow-up statements may reasonably be read to overshadow or contradict the validation notice language, they violate the FDCPA regardless of the collector's intent. See Clomon, 988 F.2d at 1319. As the Second Circuit has explained, "a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell, 74 F.3d at 33. The Second Circuit has also held that "[a] single violation of § 1692e is sufficient to establish civil liability under the FDCPA." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.

1993).

In determining whether collection letters violate the FDCPA under either § 1692e or § 1692g, the Second Circuit has adopted "the most widely accepted test," that is, "an objective standard based on the 'least sophisticated consumer.'" Clomon, 988 F.2d at 1318. Courts measure potentially contradictory language in debt collection letters "by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." Russell, 74 F. 3d at 34; see also Clomon, 988 F.2d at 1318 (noting that the "least sophisticated consumer" standard has been widely adopted by district courts in the Second Circuit). The hypothetical "least sophisticated consumer" is described as "a debtor who is uninformed, naive, or trusting, but is making basic, reasonable and logical deductions and inferences." Russell, 74 F. 3d at 34. Thus, the analysis cannot stretch a collection notice's language past the point of reason; the standard "ensures the protection of all consumers," but also "protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." Clomon, 988 F.2d at 1320.

In the Second Circuit, the least sophisticated consumer standard may be applied as a matter of law and thus is an appropriate issue for disposition on a motion for summary judgment. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292 (2d Cir. 2003) (finding as a matter of law that the defendant's collection letters were not false, deceptive or misleading to the least sophisticated consumer); Russell, 74 F.3d at 34 (holding as a matter of law that the language of a subsequent collection notice contradicted and overshadowed the initial collection notice). The standard is an objective one and is applied regardless of the letter's actual effect

on the plaintiff.  See Russell, 74 F.3d at 34-35; see also Berger v. Suburban Credit Corp., No. 04 CV 4006, 2006 WL 2570915, *3 (E.D.N.Y. Sept. 5, 2006) (noting that "the Second Circuit has indicated that the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law because the standard is an objective one").

3. Application

In this case, there is no dispute that the initial collection letter did contain the requisite validation notice language, consistent with 15 U.S.C. § 1692g, informing plaintiff of the thirty-day period to dispute the debt.  (Pl.'s Mem. at 5.)  Therefore, the issues are solely related to the second collection letter.  Plaintiff claims that the July 22 letter violated § 1692g by overshadowing and contradicting the language in the July 6 letter, such that "it is possible that the least sophisticated consumer would be induced to overlook his statutory right to dispute the debt within thirty days."  Tsenes, 892 F. Supp. at 465.  (See Pl.'s Mem. at 4.)  Plaintiff also claims that defendant's statements were false, deceptive and misleading, in violation of 15 U.S.C. § 1692e; specifically, §§ 1692e(5) and (10).  (Compl. at ¶ 20.)  Subsection 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and subsection 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(5), (10).  Courts have held that collection letters that violate § 1692g by overshadowing and contradicting the validation language simultaneously violate § 1692e(10)'s prohibition on deceptive collection methods.  See, e.g., Russell, 74 F.3d at 35.

Thus, the court will treat plaintiff's claims under § 1692e(10) as parallel and identical to his claims under § 1692g.

Defendant argues that the language in the second collection letter did not overshadow or contradict the validation notice in the initial letter, and that plaintiff's claims "are supported by illogical and unreasonable readings which mischaracterize content or clear meaning of defendant's correspondence." (Defendant's Reply Memorandum in Support of Motion for Summary Judgment ("Def.'s Reply Mem.") at 1). Defendant further contends that its second letter did not purport to shorten any deadline (id. at 4); and states that the letter "did not suggest that the previously disclosed dispute right is cancelled or lessened in any way." (Def.'s Mem. at 7.) Relying on Spira v. Ashwood, 358 F. Supp. 2d at 158-59, defendant argues that sending a second letter within the thirty day validation period is acceptable under the FDCPA, and that a letter has to explicitly cut short the thirty days before it violates the statute. (Def.'s Reply Mem at 2.)

However, it is reasonable to believe that the language in defendant's second letter would lead the least sophisticated consumer into believing he has foregone his opportunity to request a validation of the debt. Specifically, the letter informed plaintiff that "[s]ince [he] had failed to abide by the terms of [his] credit obligation" (Compl., Ex. A.), I.C. System, Inc. was prepared to take further steps to collect. The words "since you have failed" could imply to an unsophisticated but reasonable consumer that he or she has lost approximately sixteen days in his window of opportunity to dispute the debt. This confusing language contradicts the validation notice language in the first letter, and therefore violates 15

U.S.C. § 1692g.  Russell, 74 F.3d at 35.  Moreover, the second letter stated that "one of the next steps our office will take is to submit to national credit reporting agencies that this balance has been placed with I.C. System, Inc., for collection."  (Compl., Ex. A.)  This language suggests urgency, finality and immediacy – namely that the collection office has already launched this course of action and that it is too late for the consumer to contest the debt and stop collection efforts.  Such tactics are not permitted under the FDCPA.  See Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 662 (S.D.N.Y. 2006) (noting that "a number of cases have found violations of the FDCPA where a written notice includes the words 'immediate attention' or similar language suggesting an urgency to resolution of the debt"); see also Jenkins v. Union Corp., 999 F. Supp. 1120, 1132 -33 (N.D.Ill., 1998) ("A collection letter that does not expressly request immediate payment can also overshadow the validation notice by creating a confusing impression of urgency.").  Although defendant may not have intended to cut short plaintiff's opportunity to contest the alleged debt, intent is not one of the elements of a FDCPA violation.  See Russell, 74 F.3d at 33.

Defendant's reliance on Spira v. Ashwood is misplaced.  That case is distinguishable because there, the follow-up letter "did not state or imply that payment was due immediately," but merely advised the plaintiff that if she did not pay the debt or dispute it, the defendant could avail itself of any of its legal options, including sending more collection letters and instituting legal action.  358 F. Supp. 2d at 159.  The July 22 letter of defendant, on the other hand, may be reasonably interpreted by an unsophisticated reader to give the impression that the thirty-day validation period has been cut short and collection efforts are already in

progress. Further, in Spira v. Ashwood, the second letter was sent twenty-nine days after the first, when a sense of urgency regarding the close of the thirty-day validation period must already have been upon the debtor. Here, the second letter was sent sixteen days after the first, and thus likely appeared to be cutting a large amount off the validation period in the eyes of an unsophisticated debtor. (Compl., Ex. A.) Therefore, I find that an unsophisticated consumer would be confused by the conflicting language in the two letters, and that defendant has violated § 1692e(10) and § 1692g.

In his Memorandum of Law,[6] plaintiff also claims that the threat to report the outstanding balance to credit agencies was a violation of § 1692e(5)'s prohibition on threats "that cannot legally be taken" because, he claims, such an action must wait until the thirty-day period expires. (Pl.'s Mem. at 6.) Plaintiff cites no authority supporting his claim that the mere "threat to send negative credit information to national reporting agencies . . . is in direct violation of § 1692(e)(5)." (See id.) Indeed, defendant's threats to report the debtor's outstanding balance to national credit reporting agencies were lawful. While the statute requires a cessation of all collection activities upon the debtor exercising his right to validate the debt, agencies may continue to attempt to collect during the validation period absent such a dispute. See 15 U.S.C. § 1692e(5); see also Orenbuch v. Computer Credit, Inc., No. 01 Civ. 9338, 2002 WL 1918222, at *2 (S.D.N.Y. Aug. 19, 2002).

What puts defendant's July 22 letter in violation of the FDCPA is not the threat

---

[6] It is not clear whether plaintiff has quietly dropped this claim or not; he does not once mention § 1692(e) in his Second Response in Support of Motion for Judgment on the Pleadings.

to report the debt *per se*. Rather, it is that threat, combined with the context of finality and urgency created by the words "[s]ince you have failed," which overshadows the July 6 letter's validation language and violates § 1692g and § 1692e(10). See Orenbuch, 2002 WL 1918222, at *2 ("nothing in the FDCPA prevents a debt collector that has not received a request for validation . . . from continuing to attempt to collect the debt during the 30 day validation period, provided that, in so doing, it does not create the impression that the consumer has less than 30 days in which to dispute the debt."). Since it does not appear that plaintiff at any time exercised his right to dispute the alleged debt, it was lawful under 15 U.S.C. § 1692e(5) for defendant to inform plaintiff that any outstanding balance would be reported to the national credit reporting agencies.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is granted on plaintiff's claims under 15 U.S.C. §§ 1692g and 1692e(10). Defendant's motion for summary judgment is granted as to plaintiff's claim under 15 U.S.C. § 1692e(5).

Counsel for the parties are directed to appear before me for a conference on November 21, 2006 at 10:00 a.m.

SO ORDERED.

/s /
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
October 5, 2006